UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAGDEEP DHALIWAL *et al.* | § | |
| | § | |
|    *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-08-2452 |
| | § | |
| VANGUARD PHARMACEUTICAL | § | |
| MACHINERY, INC. | § | |
| | § | |
|    *Defendant*. | § | |

### MEMORANDUM AND ORDER

Defendant Vanguard Pharmaceutical Machinery, Inc. moves this court to dismiss this case for *forum non conveniens* or in the alternative seeks a determination as to which law will apply. Dkt. 33. Afer considering the motion, the response, and the applicable law, this motion is DENIED.

### BACKGROUND

In July, 2006, Tabs Labs, Inc. ("Tabs Labs"),[1] located in British Columbia, Canada, purchased a Blister Pack Machine from defendant Vanguard Pharmaceutical Machinery, Inc. ("Vanguard"). Dkt. 33 at 2. Vanguard arranged with third party defendant Shanghai Jiangnan Pharmaceutical Machinery Company, Ltd. ("Shanghai Jiangnan") to ship the machine directly from China to Tabs Labs. *Id.* Vanguard also arranged for Shanghai Jiangnan to send an employee to Tabs Labs to provide limited training and assistance. *Id.*

On August 16, 2006, plaintiff Jagdeep Dhaliwal, an employee of Tabs Labs, was operating the Blister Pack Machine. *Id.* While attempting to free some plastic that was stuck, her hand became lodged in the machine. *Id.* Ms. Dhaliwal's attempts to free her hand proved unsuccessful and she unfortunately lost four fingers from her right hand. *Id.* Almost two years later, on August

---

[1] At the time of these events, Tabs Labs, Inc. was known as Blitz Design Corp. *See* Dkt. 33 at 2. For simplicity, the current name of the company is used.

8, 2008, Jagdeep Dhaliwal and Rajinderpal Paul Dhaliwal filed this suit against Vanguard seeking to recover damages for these injuries. Dkt. 1.

Given that plaintiffs are citizens and residents of British Columbia, the machine was shipped directly from China to Canada, and the accident itself took place in British Columbia, defendant Vanguard files this motion to dismiss for *forum non conveniens,* urging that British Columbia is a more appropriate forum to resolve this case. Dkt. 33.

## ANALYSIS

A federal court sitting in diversity applies the federal law of *forum non conveniens* in deciding a motion to dismiss in favor of a foreign forum. *DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 793 (5th Cir. 2007). The defendant bears the burden of persuading the trial court that the lawsuit should be dismissed on such grounds and the decision is within the court's sound discretion. *Id.* at 793–95.

The Fifth Circuit has described the *forum non conveniens* inquiry as consisting of four considerations. *Gonzalez v. Chrysler Corp.*, 301 F.3d 377, 379 (5th Cir. 2002). First, the court must determine whether an alternative forum is available. *Id.* An alternative forum is available if "the entire case and all parties can come within the jurisdiction of that forum." *Id.* (quoting *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982,* 821 F.2d 1147, 1165 (5th Cir. 1987) (en banc), *vacated on other grounds sub nom., Pan Am. World Airways, Inc. v. Lopez,* 490 U.S. 1032, 109 S.Ct. 1928 (1989)). If there is an alternative forum, the second consideration asks whether the alternative forum is adequate. *Id.* An alternative forum is adequate if "the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court." *Id.* (quoting *In re Air Crash,* 821 F.2d at 1165 (internal citation omitted)). If a forum is both available and adequate, the court should then consider various

private factors. *Id.* at 380. Lastly, if the private factors counsel against dismissal, the court should consider public interest factors that might give weight to dismissing the case. *Id.*

In the present case, plaintiffs contend that Vanguard has failed to meet its burden to satisfy the first two considerations—the existence of an available and adequate alternative forum. Dkt. 35 at 2. British Columbia is not necessarily an available forum because it is not clear that British Columbian courts would have jurisdiction over Vanguard. *Id.* at 4. Additionally, even if Vanguard is subject to such jurisdiction, British Columbia is not an adequate forum because this action is time barred by the applicable statute of limitations. *Id.*

The court finds the issue of an adequate forum dispositive in this case. While an adequate forum does not require the same benefits of an American court, it does require the ability to bring suit in the alternative forum. *See, e.g.*, *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d. 146, 159 (2nd Cir. 2005); *Bank of Credit and Commerce Int'l (Overseas) Ltd. (BCCI) v. Bank of Pakistan*, 273 F.3d 241, 246 (2nd Cir. 2001) ("[A]n adequate forum does not exist if a statute of limitations bars the bringing of the case in that forum."). The Canadian Limitation Act, RSBC 1996, Chapter 266, Section 3(2)(a) provides the relevant statute of limitations for this personal injury action:

> (2) After expiration of 2 years after the date on which the right to do so arose, a person may not seek to bring any of the following actions:
> (a) subject to subsection (4)(k), for damages in respect of injury to a person or property, including economic loss arising from the injury, whether based on contract, tort, or duty;[2]

---

[2] The exception in subsection (4)(k) is not relevant in this case; thus, the two year statute of limitation applies.

3

This lawsuit was filed just shy of the two year statute of limitations period. It is not clear to the court whether the Canadian statute of limitations tolled with the filing of this lawsuit in the United States; if it did not, then the plaintiffs are time barred from bringing this suit in British Columbia. Vanguard did not address this issue in their motion; thus, it has failed to demonstrate than an adequate alternative forum exists.

## CONCLUSION

Vanguard has not demonstrated to the court that British Columbia is an available and adequate forum for this suit. Therefore, the motion to dismiss for *forum non conveniens* is DENIED. Additionally, the court declines to rule on the choice of law question until both parties have adequately briefed the issue.

It is so ORDERED.

Signed at Houston, Texas on October 22, 2009.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY