**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JAGDEEP DHALIWAL *et al.* | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-08-2452 |
| | § | |
| VANGUARD PHARMACEUTICAL | § | |
| MACHINERY, INC. | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM AND ORDER**

Pending before the court is defendant Vanguard Pharmaceutical Machinery, Inc's motion for summary judgment. Dkt. 38. Afer considering the motion, the response, the reply, and the applicable law, this motion is DENIED. Additionally, Shanghai Jiangnan's letter to the court (Dkt. 22) is STRICKEN for the reasons set forth below.

**I. BACKGROUND**

In July 2006, Tabs Labs, Inc. purchased a Blister Pack Machine from defendant Vanguard Pharmaceutical Machinery, Inc. ("Vanguard"). Dkt. 38 at 3. Vanguard arranged with third party defendant Shanghai Jiangnan Pharmaceutical Machinery Company, Ltd. ("Shanghai Jiangnan") to ship the machine directly from China to Tabs Labs. *Id.* On August 16, 2006, plaintiff Jagdeep Dhaliwal, an employee of Tabs Labs, was operating the Blister Pack Machine. *Id.* While attempting to free some plastic that was stuck, her hand became lodged in the machine. *Id.* Dhaliwal's attempts to free her hand proved unsuccessful and she unfortunately lost four fingers from her right hand. *Id.* at 4.

Vanguard brings this motion for summary judgment on the grounds that it is a non-manufacturing seller of the Blister Pack Machine and should not be subject to liability under Texas Civil Practice & Remedies Code § 82.003 because none of the exceptions set forth in that section that specifically allow for non-manufacturing liability applies in this case. Dkt. 38 at 6–7. Plaintiffs appear to concede that most of the exceptions listed in §82.003 do not apply, with the exception of §82.003(a)(7)(B): that the manufacturer Shanghai Jiangnan is not subject to the jurisdiction of the court. *See* Dkt. 41 at 3.

## II. STANDARD OF REVIEW

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden

does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, then it is not entitled to a summary judgment, and no defense to the motion is required. *Id*. "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting FED. R. CIV. P. 56(e)).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence; disregard all evidence favorable to the moving party that the jury is not required to believe; and give credence to the evidence favoring the non-moving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Moore v. Willis Ind. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). However, the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). By the same token, the moving party will not meet its burden of proof based on conclusory

3

"bald assertions of ultimate facts." *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978); *see also Galindo v. Precision Amer. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

### III. ANALYSIS

The parties agree that Texas law applies to the determination of liability in this case. *See* Dkt. 41 at 3. The parties also agree that Vanguard is not a "manufacturer" as that term is defined in § 82.001(4) of the Texas product liability statute. *Id.* Vanguard, therefore, can only be held liable if one of the exceptions enumerated in § 82.003 applies in this case. Of all of the exceptions listed in the section, plaintiffs seem to concede that only § 82.003(a)(7)(B) is possibly applicable. *See* Dkt. 41 at 3. Section 82.003(a)(7)(B) provides:

> (a) A seller that did not manufacture a product is not liable for harm caused to the claimant by the product unless the claimant proves:
> (7) that the manufacturer of the product is:
> (B) not subject to the jurisdiction of the court.

The burden rests with the claimant, and not the defendant, to prove the manufacturer is not subject to the jurisdiction of the court. TEX. CIV. PRAC. & REM. CODE § 82.003; *Dennis v. Giles*, No. 04-07-0028-CV, 2008 WL 183062, *4 (Tex. App.—San Antonio Jan. 23, 2008, no pet.).

*1. Shanghai Jiangnan's Letter to the Court*

Vanguard argues that § 82.003(a)(7)(B) does not apply in the instant case because Shanghai Jiangnan has already submitted to the jurisdiction of the court when it filed an "answer" to Vanguard's Third Party Complaint. Dkt. 42 at 4. The answer Vanguard refers to is an unsigned letter written to the court on April 14, 2009. Dkt. 22. The letter expresses Shanghai Jiangnan's surprise at learning of the lawsuit, sympathy for Dhaliwal, and denies all involvement with the sale of the Blister Pack Machine to Vanguard or Tab Labs. *Id.* Vanguard argues that plaintiffs are downplaying the importance of this letter on the grounds that it was "not submitted by counsel and

4

that it is not in the traditional form of an answer." Dkt. 42 at 4. Furthermore, according to Vanguard, § 82.003 does not "require that the manufacturer appear through counsel or file a traditional answer, nor do the Federal Rules of Civil Procedure." *Id.*

The court agrees with Vanguard that the answer need not take any precise form. Corporations must, however, be represented by counsel. *See e.g.*, *In re K.M.A., Inc.*, 652 F.2d 398 (5th Cir. 1981) ("The law is clear that a corporation as a fictional legal person can only be represented by licensed counsel."). Shanghai Jiangnan's letter is not signed and does not purport to be written by counsel, let alone counsel licensed in this jurisdiction. The letter, therefore, must be stricken from the record. Shanghai Jiangnan has made no other appearance in this case and, thus, has not subjected itself to the jurisdiction of the court.

*2.    Personal Jurisdiction Over Shanghai Jiangnan*

For the court to have jurisdiction over Shanghai Jiangnan, a non-resident defendant, two requirements must be met. First, Shanghai Jiangnan must be amenable to service of process under Texas's long-arm statute. *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992). Second, the assertion of personal jurisdiction must be consistent with the Fourteenth Amendment's due process clause. *Id.* Texas's long-arm statue has been interpreted to extend to the limits of due process. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990). Thus, the second step of the inquiry collapses into the first.

Constitutional due process requirements are satisfied when personal jurisdiction is asserted over a nonresident corporate defendant that has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339 (1940)). This is in essence a two-step inquiry:

5

(1) Does the nonresident corporation have sufficient minimum contact with the forum state? and (2) Is it fair and reasonable to require the nonresident corporation to come to the forum to defend itself?

The minimum contacts prong of the inquiry can be met either through specific or general jurisdiction. *Jones*, 954 F.2d at 1068. Specific jurisdiction is appropriate when the nonresident corporation's activities in the forum are isolated or disjointed; jurisdiction is proper only if the cause of action arises from a particular activity in the forum state. *Id. (citing Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 104 S.Ct. 1868(1984)). When the corporations' activities with the forum state, however, are ongoing and systematic, then general jurisdiction can be found without the cause of action arising from a particular activity. *Id.*

In the present case, there is no evidence that Shanghai Jiangnan has ongoing and systematic activities with Texas: it is not registered to do business in the state, nor does it have a registered agent. Dkt. 41 at 7. Additionally, no other evidence has been offered to show that Shanghai Jiangnan specifically marketed its products to the State of Texas or even had any customers in the state. Moreover, the cause of action against Shanghai Jiangnan does not arise in the State of Texas. Tab Labs contracted via ADJ Packaging, a Canadian company, to purchase the Blister Pack Machine from Vanguard. Dkt. 41 at 8. Vanguard then contacted Shanghai Jiangnan in China to place the order for the machine and further instructed that all labels, manuals, and other identifying information on the machine be modified to reflect Vanguard's, and not Shanghai Jiangnan's, name. *Id.* The Blister Pack Machine was sent from China directly to British Columbia. *Id.* In sum, there are insufficient minimum contacts between Shanghai Jiangnan and the State of Texas to find jurisdiction.[1] Plaintiffs, therefore, have met their burden to show that Shanghai Jiangnan is not subject to the jurisdiction of the court.

---

[1] Vanguard does specifically address the minimum contacts analysis, apparently conceding that they do not meet the threshold for either general or specific jurisdiction. *See* Dkts. 38, 42.

## IV. Conclusion

The court finds that Shanghai Jiangnan has not subjected itself to the court's jurisdiction and that there are insufficient contacts between Shanghai Jiangnan and the State of Texas to create personal jurisdiction. Thus, the exception in § 82.003(a)(7)(B) applies and Vanguard can be held liable as a non-manufacturing reseller. Vanguard's motion for summary judgment is, therefore, DENIED. Additionally, the unsigned letter sent to the court by Shanghai Jiangnan (Dkt. 22) is STRICKEN.

It is so ORDERED.

Signed at Houston, Texas on December 22, 2009.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY