UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAGDEEP DHALIWAL *et al.* | § | |
| | § | |
|    *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-08-2452 |
| | § | |
| VANGUARD PHARMACEUTICAL | § | |
| MACHINERY, INC. | § | |
| | § | |
|    *Defendant*. | § | |

## MEMORANDUM AND ORDER

Pending before the court is defendant Vanguard Pharmaceutical Machinery, Inc.'s motion for leave to designate responsible third parties. Dkt. 46. Afer considering the motion, the response, and the applicable law, this motion is GRANTED.

## I. BACKGROUND

This case arises out of an injury plaintiff Jagdeep Dhaliwal sustained while operating a Blister Pack machine during the course of her employment for Tab Labs, Inc. The detailed facts of the case have been recited several times before and do not bear repeating for purposes of this motion. *See, e.g.*, Dkt. 43.

## II. ANALYSIS

Defendant Vanguard Pharmaceutical Machinery, Inc. ("Vanguard") moves this court for leave to designate Tab Labs, Inc. ("Tab Labs") and Shanghai Jiangnan Pharmaceutical Machinery Co., Ltd. ("Shanghai Jiangnan") as responsible third parties under the Texas proportionate responsibility scheme contained in Chapter 33 of the Texas Civil Practice and Remedies Code. Dkt. 46 at 1–2. Plaintiffs Jagdeep Dhaliwal and family (collectively "Dhaliwal") are unopposed to the designation of Tab Labs as a responsible third party; they contest only the designation of Shanghai Jiangnan. Dkt. 48 at 2.

*A. The Law*

Chapter 33 of the Texas Civil Practice and Remedies Code applies to all common law torts and to statutory torts that do not include a separate and conflicting legislative fault-allocation scheme. TEX. CIV. PRAC. & REM. CODE § 33.002; *JCW Elec., Inc. v. Garza*, 257 S.W.3d 701, 704–07 (Tex. 2008). Chapter 33 allows a defendant liberally to designate responsible third parties, including parties not subject to the court's jurisdiction, immune from suit, or who are unknown. § 33.004(j); *In re Unitec Elevator Servs. Co.*, 178 S.W.3d 53, 58 (Tex.App.–Houston [1st Dist.] 2005, no pet.). If the court gives leave to designate a responsible third party and there is evidence sufficient to submit a question to the jury regarding the conduct of the party, then the trier of fact determines the percentage of responsibility of the claimants, defendants, settling persons—if any, and any responsible third parties. § 33.003.

Once a defendant has moved for leave to designate responsible third parties, plaintiffs may object. § 33.004(f). To successfully prevent designation of a responsible third party, the burden is on the plaintiffs to establish that "(1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and (2) after having been granted leave to replead, the defendant [still] failed to plead sufficient facts." § 33.004(g). After leave has been granted to designate third parties and "[a]fter adequate time for discovery, [plaintiffs] may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage." § 33.004(l). In this instance, the burden is on the defendants to produce "sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage." *Id.* Additionally, before trial the court must determine whether there is sufficient evidence to support the submission of a question to the

jury regarding the designated parties' responsibility. § 33.003(b). Therefore, while the pleading requirements at the outset are not stringent, as trial moves closer the requirement for sufficient evidence to support the actual submission of a question on the responsibility of the designated third parties becomes more demanding.

*B. Analysis*

Plaintiffs are opposed to the designation of Shanghai Jiangnan as a responsible third party. Dkt. 48 at 2. Plaintiffs do not contend that Vanguard has not pled sufficient facts. Rather, Dhaliwal contends that because this court found Shanghai Jiangnan is not subject to the court's jurisdiction and, therefore, Vanguard could be held liable as a non-manufacturing seller, Vanguard should be precluded from designating Shanghai Jiangnan as a responsible third party. Dkt. 48 at 3. For support, Dhaliwal points the court to the case of *Diamond H. Recognition LP v. King of Fans, Inc.*, 589 F. Supp. 2d 772 (N.D. Tex. 2008). The opinion by Judge Means appears to leave open the possibility that if the foreign manufacturer in the case were not subject to the court's jurisdiction, then the foreign manufacturer may not be a proper responsible third party. *Id.* at 777 ("The Court notes this is not the final word in regard to the designation of SingFun as a responsible third party. . . . [The] question of whether SingFun is indeed beyond the Court's jurisdiction and the effect jurisdiction over SingFun might have on the chapter 33 and [exception to seller immunity] analysis remains open.").

This case does not hold that a defendant beyond the court's jurisdiction cannot be designated as a responsible third party. The Texas Legislature amended § 33.011 of the Texas Civil Practice and Remedies Code in 2003, specifically removing language that required the responsible third party to be subject to the court's jurisdiction. *See* David W. Holman, *Responsible Third Parties*, 46 S. TEX. L. REV. 869, 883–4 (2004–05) (quoting *Tort Reform of 2003: Hearings on Tex. H.B. 4 Before*

3

*the Senate Comm. on State Affairs*, 78th Leg., R.S. (Apr. 10, 2003), *reprinted in* 2 LEGISLATIVE HISTORY OF TEXAS H.S. 4: THE MEDICAL MALPRACTICE & TORT REFORM ACT OF 2003, at 1304 (2003)). The current definition of "responsible third party" is expansive and has even been described as a "veritable free-for-all, with submission of 'bankrupt defendants, foreign defendants, unknown defendants, unidentified defendants, phantom vehicles, subcontractors . . . whose names can't be remembered,' and so forth." *Id.* at 884. The court, therefore, finds that Shanghai Jiangnan falls within this broad definition and may be designated as a responsible third party.

### III. CONCLUSION

For the reasons state above, the motion for leave to designate Tab Labs, Inc. and Shanghai Jiangnan Pharmaceutical Machinery Co., Ltd. as responsible third parties is GRANTED.

It is so ORDERED.

Signed at Houston, Texas on January 20, 2010.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY